# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### MEDFORD DIVISION

VALERIE SIERRA,                                    Civil No. 6:13-cv-02285-CL

      Plaintiff,

                                 **REPORT AND RECOMMENDATION**

      v.

CAROLYN W. COLVIN,
COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

CLARKE, Magistrate Judge.

      Plaintiff Valerie Sierra brings this action pursuant to 42 U.S.C. § 405(g) and 1383 (c) (3), to obtain judicial review of the Commissioner's final decision denying plaintiff's claim for Social Security Disability Insurance Benefits and Supplemental Security Income under the Social Security Act. For the reasons set forth below, the decision of the Commissioner should be AFFIRMED.

## BACKGROUND

      Plaintiff applied for Disability Insurance Benefits, (Title II), and Supplemental Security Income, (Title XVI), on March 31, 2010. Her applications were denied both initially, and on reconsideration. Plaintiff requested a hearing, which was held before an Administrative Law

Page 1

Judge (ALJ) on May, 21, 2012. Plaintiff, represented by counsel, appeared and testified at the hearing, as did a vocational expert. On June, 19, 2012 the ALJ rendered an adverse decision, and the Appeals Council denied Plaintiff's request for review.

At the time of the hearing and the ALJ's decision, Plaintiff was forty-four years old. Plaintiff reports she dropped out of school in eighth grade, and has a seventh grade education. She has relevant past work experience as a housekeeper. Plaintiff alleges disability as of May 31, 2004, based upon a combination of impairments including: morbid obesity; peripheral neuropathy; cervical degenerative disc disease; mood disorder; anxiety disorder; and numbness and swelling of the hands and fingers (upper extremity neuropath). The relevant medical evidence is discussed below.

## STANDARDS

This Court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence in the record. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The Court considers the record as a whole, and weighs "both the evidence that supports and detracts from the [Commissioner's] conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). Where the evidence is susceptible of more than one rational interpretation, the Commissioner's conclusion must be upheld. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). Questions of credibility and resolution of conflicts in the testimony are functions solely of the Commissioner, *Waters v. Gardner*, 452 F.2d 855, 858 n.7 (9th Cir. 1971), but any negative credibility findings must be supported by findings on the record

and supported by substantial evidence, *Ceguerra v. Sec'y of Health & Human Servs.*, 933 F.2d 735, 738 (9th Cir. 1991). The findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive. 42 U.S.C. § 405(g). However, even where findings are supported by substantial evidence, "the decision should be set aside if the proper legal standards were not applied in weighing the evidence and making the decision." *Flake v. Gardner*, 399 F.2d 532, 540 (9th Cir. 1968); see also *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Under sentence four of 42 U.S.C. § 405(g), the Court has the power to enter, upon the pleadings and transcript record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the cause for a rehearing.

## COMMISSIONER'S DECISION

The initial burden of proof rests upon the claimant to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

A five-step sequential process exists for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920.

In step one, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." *Yuckert*, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b). In the present case, the ALJ found that plaintiff has not engaged in substantial gainful activity from May 31, 2004, through the date of the decision. (Tr. 16.)

In step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." If the Commissioner finds in the negative, the claimant is deemed not disabled. If the Commissioner finds a severe impairment or combination thereof, the inquiry moves to step three. *Yuckert*, 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(c), 416.920(c). In the instant case, the ALJ found that plaintiff's morbid obesity, peripheral neuropathy, cervical degenerative disc disease, mood disorder, not otherwise specified, and anxiety disorder, not otherwise specified, were severe impairments. (Tr. 16.) Accordingly, the inquiry moved to step three.

In step three, the analysis focuses on whether the impairment or combination of impairments meets or equals "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Yuckert*, 482 U.S. at 140-41; see 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the analysis proceeds to step four. *Yuckert*, 482 U.S. at 141. In this case, the ALJ found that plaintiff's impairments, either singly or in combination, were not severe enough to meet or medically equal any of the listed impairments. (Tr. 17.)

In step four, the Commissioner determines whether the claimant can still perform her "past relevant work." If the claimant is so able, then the Commissioner finds the claimant "not disabled." Otherwise, the inquiry advances to step five. 20 C.F.R. §§ 404.1520(e), 416.920(e). The Commissioner must first identify the claimant's residual functional capacity (RFC), which should reflect the individual's maximum remaining ability to perform sustained work activities in an ordinary work setting for eight hours a day, five days a week. SSR 96-8p, 1996 SSR LEXIS 5, *5. The RFC is based on all relevant evidence in the case record, including the treating physician's medical opinions about what an individual can still do despite impairments. *Id.* In

this case, the ALJ found that plaintiff retains the RFC to perform less than full range of sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a); except her ability to lift and carry is limited to sedentary exertion based on her cervical degenerative disc disease (Tr. 18, 20.); and she is limited to tasks no more complicated than 1 to 2 step tasks due to her depression and anxiety; because it is improving, she can have occasional contact with the public and co-workers. (Tr. 18, 21.) The ALJ found that plaintiff could not perform her past relevant work as a housekeeper. (Tr. 22.) Accordingly, the inquiry moved to step five.

In step five, the burden is on the Commissioner to establish that the claimant is capable of performing other work that exists in the national economy. *Yuckert*, 482 U.S. at 141-42; 20 C.F.R. §§ 404.1520(f), 416.920(f). If the Commissioner fails to meet this burden, then the claimant is deemed disabled. Here, the ALJ found that plaintiff retained the residual functional capacity to perform a significant number of other jobs existing in the national economy, including small products assembly of optical goods, clocks and watches, and small appliances (Tr. 22-23.) Therefore, the ALJ found that plaintiff was not under a disability. (Tr. 14, 23.)

## DISCUSSION

### I.  The ALJ did not err by failing to further address her obesity in determining Plaintiff's Residual Functioning Capacity.

Plaintiff contends that the ALJ erred by failing to account for her obesity in her RFC. An RFC assessment describes an "individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis" despite the claimant's obesity. SSR 02-01p, 2002 SSR LEXIS 1 *17. The ALJ must use the case record, including medical reports and the effects of symptoms that are reasonably attributable to a medically determinable impairment, to reach the RFC assessment. *Wigmore v. Colvin*, 2013 U.S. Dist.

LEXIS 65658, at *46 (D. Or. Apr. 16, 2013); citing *Robbins v. SSA*, 466 F.3d 880, 883 (9th Cir. 2006).

The ALJ considered Plaintiff's obesity a severe impairment, but did not otherwise reference this impairment in any work-related limitation. "The regulations only require that an ALJ consider obesity and its effects when evaluating other impairments." *Wigmore*, 2013 U.S. Dist. LEXIS 65658, *46. Social Security Rulings caution ALJs not to "make assumptions about the severity or functional effects of obesity combined with other impairments. Obesity in combination with another impairment may or may not increase the severity or functional limitations of the other impairment. [An ALJ] will evaluate each case based on the information in the case record." SSR 02-01p, 2002 SSR LEXIS 1 *13. An ALJ is only required to discuss "the combined effect of a claimant's impairments, including obesity, [if the] claimant presents evidence in an effort to establish equivalence." *Wigmore*, 2013 U.S. Dist. LEXIS 65658, *46. "To succeed in an obesity claim, a claimant must show that his obesity exacerbates his other symptoms." *Lowe v. Astrue*, 2011 U.S. Dist. LEXIS 105117, *10 (D. Or. Sept. 14, 2011); quoting, *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005).

Plaintiff does not show any functional limitations caused by her obesity. Nor is there any medical evidence stating that her obesity causes functional limitations. A review of the record indicates that Plaintiff is considered obese. The gravity of this diagnosis is not further discussed, and no limitation is addressed due to her obesity. The record does not contain any evidence that Plaintiff suffered any work related restrictions due to her obesity; and, Plaintiff, who was represented by counsel, did not raise the argument at her hearing. The record does not indicate that Plaintiff's obesity exacerbates her other impairments. Due to the absence of evidence, both in the record and at her hearing, that Plaintiff's obesity causes functional limitations, the ALJ did

not err by failing to further address her obesity in determining Plaintiff's ability to work, and her RFC.

## II. The ALJ's decision to place further limitations on Plaintiff's residual functional capacity was harmless error.

A decision by the ALJ will not be reversed for harmless error, which exists "when it was clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" *Robbins*, 466 F.3d at 885. The ALJ's decision to place further limitations on Plaintiff's residual functional capacity was a harmless error because had the ALJ entitled the physicians' opinions to full weight, the ALJ still would not have found the Plaintiff disabled.

## CONCLUSION

In conclusion, Plaintiff fails to show the ALJ made improper step four findings. The ALJ's decision was based upon the record. The analysis of the record shows no functional limitations due to the claimant's obesity. The ALJ's determination of Plaintiff's RFC is supported by the record, therefore reversal or remand is not warranted on this basis. The ALJ's findings should be affirmed.

## RECOMMENDATION

Based on the foregoing, and pursuant to sentence four of 42 U.S.C. § 405(g), it is recommended that the decision of the Commissioner be AFFIRMED.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.

The Report and Recommendation will be referred to a district judge. Objections to this Report and Recommendation, if any, are due within fourteen (14) days of today's date. If

objections are filed, any response to the objections are due fourteen (14) days later. See Federal Rules of Civil Procedure 72 and 6.

Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this ___ day of July, 2015.

MARK D. CLARKE
United States Magistrate Judge